FILED & ENTERED

NOV 03 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:11-bk-59568 RK |
| SAU KING CHAN, | Chapter 7 |
| Debtor. | Adv. No. 2:14-ap-01080 RK |
| YUNLONG JIANG AND LIVIA CHENG, | **ORDER ABSTAINING FROM HEARING PLAINTIFFS' CLAIMS TO DETERMINE VALIDITY OF TRUST DEED AND MOTION FOR PRELIMINARY INJUNCTION, AND CLAIMS FOR CONSTRUCTIVE TRUST AND FOR EQUITABLE LIEN; VACATING HEARING ON MOTION FOR PRELIMINARY INJUNCTION; AND SETTING FURTHER STATUS CONFERENCE ON PLAINTIFFS' DEBT DISCHARGEABILITY AND DISCHARGE REVOCATION CLAIMS** |
| Plaintiffs, | |
| vs. | |
| SAU KING CHAN, | |
| Defendant. | |
| | DATE:    November 6, 2014<br>TIME:    10:00 a.m.<br>PLACE:   Courtroom 1675<br>              255 East Temple Street<br>              Los Angeles, CA  90012 |

Pending before this court is the motion of Plaintiffs Yunlong Jiang and Livia Cheng for preliminary injunction to prevent Defendant Sau King Chan, Debtor, from continuing a nonjudicial foreclosure sale of Plaintiffs' residence located at 18505 Los Machos Drive, Rowland Heights, California, which is set for hearing on November 6, 2014.

On February 10, 2014, Plaintiffs initiated this adversary proceeding against Defendant for determination of dischargeability of debt under 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) and for revocation of discharge under 11 U.S.C. § 727(d) and (e).  On August 20, 2014, Plaintiffs filed an amended complaint adding a Fourth Cause of Action to Determine the Validity of the Deed of Trust on their residence ("Trust Deed Determination Claim"), a Fifth Cause of Action for Constructive Trust and a Sixth Cause of Action for Equitable Lien.  These causes of action seeks to have the court determine the validity of a Deed of Trust on Plaintiffs' residence that they made in favor of Defendant pursuant to their real estate development joint venture contract and to recover investment funds of $51,140 that Plaintiffs put into the joint venture with Defendant.  On August 25, 2014, Plaintiffs filed an Ex Parte Application for an Emergency Hearing, or For a Hearing on Shortened Notice, to Hear Motion for Temporary Restraining Order and a Motion for Temporary Restraining Order and Preliminary Injunction.  ECF 21 and 23. Plaintiffs sought temporary and preliminary injunctive relief to prevent Defendant from continuing a nonjudicial foreclosure of the Trust Deed on Plaintiffs' residence.

The court held a hearing on Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction, along with a previously scheduled status conference, on August 26, 2014 at 1:30 p.m.  At the hearing, the parties agreed and stipulated to a temporary restraining order prohibiting Defendant from taking any foreclosure action until October 7, 2014, when the court would hear Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction after receiving briefing from both parties.  Defendant filed an opposition on September 22, 2014, and Plaintiffs filed a reply on October 1, 2014.

On October 8, 2014, after the October 7 hearing on preliminary injunctive relief, the court entered an order extending the temporary restraining order to November 6, 2014, and setting an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction for November 6, 2014 at 10:00 a.m.  The order also authorized the parties to file supplemental briefing regarding the jurisdiction of this bankruptcy court over the

adversary proceeding. The parties filed supplemental briefing on October 14, 2014 and October 21, 2014. After reviewing the briefing of the parties on the motion, including the supplemental briefing on jurisdiction, for the reasons stated herein, the court now takes Plaintiffs' Motion for Preliminary Injunction under submission, vacates the hearing on November 6, 2014, abstains from hearing the Trust Deed Determination Claim, the Constructive Trust Claim and the Equitable Lien Claim, and the related Motion for Preliminary Injunction, and dissolves the temporary restraining order currently in effect.

The Ninth Circuit in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990) set out various factors that a court should consider in deciding whether to permissively abstain from hearing a matter pursuant to 28 U.S.C. § 1334(c)(1). The court has considered the *Tucson Estates* factors here and has made a determination of whether they weigh against or in favor of abstention in this case as follows:

**1. The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention**

This factor weighs heavily in favor of abstention. The Note and Trust Deed which are at the center of the Trust Deed Determination Claim and motion for preliminary injunction are no longer property of the bankruptcy estate of Defendant. Under 11 U.S.C. § 554(c), any property scheduled under 11 U.S.C. § 521(a)(1) and not otherwise administered is abandoned to the debtor at the time of the closing of the bankruptcy case. The Note was listed on Debtor's amended bankruptcy schedules filed on January 18, 2012. ECF 15. The bankruptcy case was closed on March 19, 2013. ECF 55. Thus, the Note was abandoned to Defendant upon closing of the bankruptcy case and is not property of the bankruptcy estate. An adjudication of the Note's validity will have no effect on the administration of the bankruptcy estate. The bankruptcy case has been closed after the Chapter 7 trustee issued a no asset distribution report.

3

Plaintiffs' other state law claims for constructive trust and equitable lien relate to the investment funds they gave to Defendant for the joint venture. While these claims relate to Plaintiffs' debt dischargeability claims, they have no effect on the efficient administration of the bankruptcy estate as the bankruptcy case has been closed after the trustee issued a "no distribution" report.

**2. The extent to which state law issues predominate over bankruptcy issues**

This factor weighs heavily in favor of abstention. The intended foreclosure of the Trust Deed, which is the subject of Plaintiffs' Fourth, Fifth and Sixth Causes ofr Action, the Trust Deed Determination Claim and preliminary injunction motion, and Plaintiffs' claims for constructive trust and equitable lien are purely state law matters. While bankruptcy law issues predominate in the debt dischargeability claims brought by Plaintiffs, those claims are almost entirely separate in substance from the state law issues raised by the foreclosure and Trust Deed Determination Claim, the constructive trust and equitable lien claims. The issues raised by the Trust Deed Determination Claim, and the constructive trust and equitable lien claims in Plaintiffs' Amended Complaint primarily raise issues of state law, that is, whether Defendant committed fraud or larceny, or breached any fidicuary duty to Plaintiffs, under state law with respect to their joint construction venture, though the consequences of such acts, if proven, may give rise to determinations under federal law that the debts from such acts are excepted from discharge. Nevertheless, state law issues predominate as to the state law claims in the Fourth, Fifth and Sixth Causes of Action.

**3. The difficulty or unsettled nature of the applicable law**

This factor weighs against abstention. The Trust Deed Determination Claim, constructive trust and equitable lien claims are in substance claims under state law for breach of contract and for equitable remedies claim, which do not involve difficult or unsettled legal issues.

4

**4. The presence of a related proceeding commenced in state court or other nonbankruptcy court**

This factor weighs against abstention as there is no other proceeding in a state court or other nonbankruptcy court.

**5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334**

This factor weighs in favor of abstention. There is no basis for jurisdiction over the state law claims in the Fourth, Fifth and Sixth Causes of Action other than the "related to" jurisdiction under 28 U.S.C. § 1334.

Plaintiffs argue that their Trust Deed Determination Claim and related request for preliminary injunction are "core" proceedings under 28 U.S.C. § 157(b)(2)(A), (N), and (O). *Plaintiffs' Brief Regarding This Court's Jurisdiction* ECF 37 pg. 7:28-8:6. However, 28 U.S.C. § 157(b)(2)(A) does not apply to make these matters core proceedings because the underlying Note and Trust Deed are based on state substantive law as discussed above.

28 U.S.C. § 157(b)(2)(N) includes as core proceedings "orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate." It is not clear how this subsection applies to this case, and Plaintiffs have not attempted to explain in their briefing. These matters are not core proceedings under § 157(b)(2)(N).

Plaintiffs also claim the matters are core proceedings under 28 U.S.C. § 157(b)(2)(O), and contend that subsection includes as core "issues regarding the debtor-creditor relationship." However, the "debtor[s]" in the preliminary injunction/Trust Deed Determination Claim are Plaintiffs, and not the bankruptcy debtor, Defendant. It is not clear that the language of 28 U.S.C. § 157(b)(2)(O) was intended to give the bankruptcy court jurisdiction over actions in which the bankruptcy debtor is a creditor of non-debtor parties. None of the cases cited by Plaintiffs support this concept. Moreover, Plaintiffs' Trust Deed Determination Claim and related motion for preliminary injunction are, in substance, are based on

5

the state substantive law of contract.  Plaintiffs seek to declare the Trust Deed under which Defendant intends to foreclose invalid because Defendant allegedly breached a contract between them. *Plaintiffs' Brief Regarding This Court's Jurisdiction* ECF 37 pg. 3:13-28. As discussed above, such state law contract claims such as Plaintiffs' that might arguably fall within 28 § U.S.C. 157(b)(2)(O)'s catch-all language have been held to be "noncore." *In re Castlerock Properties*, 781 F.2d 159, 161-162 (9th Cir. 1986).

### 6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case

This factor weighs in favor of abstention. As discussed above, the Note and Trust Deed are no longer property of the bankruptcy estate.  Although the Note and the debt which is the subject of Plaintiffs' debt dischargeability claims arise from the same contract, the real estate development joint venture agreement, the issues are substantively distinct.  Plaintiffs seek to have the Note and Trust Deed declared invalid by virtue of an alleged breach of contract by Defendant, which are purely matters of state law as well as the constructive trust and equitable lien claims.  These claims are remote to the main bankruptcy case because the case is now closed.

### 7. The substance rather than form of an asserted "core" proceeding

This factor weighs in favor of abstention. The Fourth, Fifth and Sixth Causes of Action, and related motion for preliminary injunction motion are not core proceedings because they are all based on state substantive law as described above.

### 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court

This factor weighs heavily in favor of abstention. Plaintiffs can litigate issues of state substantive law regarding the validity of the Trust Deed and their

6

1  entitlement to equitable remedies of constructive trust and equitable lien in state
2  court as those matters are based entirely on state law.  Furthermore, there will be
3  no need for this court to enforce any subsequent judgment entered in state court
4  because the Note and Trust Deed are not property of the bankruptcy estate, and
5  to the extent that there are core matters, such as the debt dischargeability claims,
6  the state law claims can be severed to allow judgments to be entered in state
7  court with enforcement left to the bankruptcy court (i.e., determining whether such
8  claims, if successful, are excepted from discharge and not subject to the discharge
9  injunction entered in the bankruptcy case).

**9. The burden of [the bankruptcy court's] docket**

This factor weighs in favor of abstention. The Fourth, Fifth and Sixth Causes of Action for determination of validity of the Trust Deed, for constructive trust and for equitable lien are matters of state law that would unnecessarily burden this court's docket as such claims have no direct bearing on the efficient administration of the bankruptcy estate as the underlying bankruptcy case is closed after issuance of a "no distribution" report. The issues in those actions are entirely separate and severable from the other claims in this adversary proceeding for debt dischargeability and discharge revocation.

**10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties**

This factor is neutral. There is no evidence that either party is forum shopping.

**11. The existence of a right to a jury trial**

This factor is inapplicable because the parties have not requested a jury trial.

///

**12. The presence in the proceeding of non-debtor parties**

This factor weighs in favor of abstention. Plaintiffs are non-debtor parties, and their state law claims, the Fourth, Fifth and Sixth Causes of Action, do not involve Defendant in her capacity as the bankruptcy debtor, but rather as a creditor of Plaintiffs. .

Based on the majority of the *Tucson Estates* factors supporting abstention, the court exercises its discretion under 28 U.S.C. § 1334(c)(1) to permissively abstain from hearing Plaintiffs' Fourth, Fifth and Sixth Causes of Action, the Trust Deed Determination Claim, including the motion for preliminary injunction, the Constructive Trust Claim and the Equitable Lien Claim. The *Tucson Estates* factors indicate to the court that the Fourth, Fifth and Sixth Causes of Action, the claims to determine validity of the Trust Deed, for constructive trust and for equitable lien, assert non-core claims of state substantive law and have little, if any, effect on the efficient administration of the bankruptcy estate, and therefore, it comes to the conclusion that it should exercise its discretion to permissively abstain as to these claims. Because the court exercises its discretion to permissively abstain from hearing the non-core claims set forth in the Fourth, Fifth and Sixth Causes of Action, the court determines that it is not necessary to address the arguments raised by the parties based on *Stern v. Marshall,* 131 S.Ct. 2594 (2011) and *Executive Benefits Insurance Agency v. Arkison,* 134 S.Ct. 2165 (2014).

Accordingly, the court vacates the hearing on Plaintiff's motion for preliminary injunction, currently set for November 6, 2014 at 10:00 a.m., abstains from hearing further proceedings on the Fourth, Fifth and Sixth Causes of Action, and dissolves the temporary restraining order relating to these claims.

///

1      The status conference in this adversary proceeding on Plaintiffs' remaining claims for debt dischargeability and discharge revocation, also set for hearing on November 6, 2014 at 10:00 a.m., is vacated in light of the rulings in this order, and reset for January 13, 2015, at 1:30 p.m.  The parties are ordered to file a joint status report on January 6, 2015 on the retained debt dischargeability and discharge revocation claims.

     IT IS SO ORDERED.

###

Date: November 3, 2014

Robert Kwan
United States Bankruptcy Judge